851 F.2d 1500
 271 U.S.App.D.C. 273
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lorraine CHAMP, et al., Appellant,
v.
AMERICAN PUBLIC HEALTH ASSOCIATION, et al.
 No. 87-7164.
 United States Court of Appeals, District of Columbia Circuit.
 April 12, 1988.
 
 Before SILBERMAN, WILLIAMS and DAVIS*, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. The court is satisfied, after reviewing the issues presented in light of the record, that disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). After reviewing the record and considering the parties' presentations, we find no fault with the district court's grant of appellees' motion for summary judgment. We also find that the district court did not abuse its discretion in denying appellants leave to amend. For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the judgment of the district court is affirmed. It is
 
 
 3
 FURTHER ORDERED by this court, sua sponte, that the clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 Memorandum
 
 4
 From 1938 until 1982, the American Public Health Association ("APHA" or the "Association") maintained a noncontributory pension plan (the "Plan") for its employees. In the fall of 1982, APHA was faced with a $500,000 operating deficit and a rapidly depleting net worth. Driven by its an acute awareness of the Association's precarious financial situation, the Executive Board voted to terminate the Plan, effective July 1, 1983. In April, 1983, the Board amended the Plan to provide that its residual assets would, on termination, revert to APHA. After termination of the Plan, present and former employees received the present expected actuarial value of their vested benefits, which aggregated approximately $420,000, and APHA collected the remaining funds, which came to about $750,000.
 
 
 5
 Plaintiffs, present and former APHA employees upset over the reversion feature, brought suit on their own behalf and petitioned for class certification. The plaintiffs asserted that APHA management violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq. (1982), breached the Plan, and committed common law fraud by purposefully manipulating the Board into terminating the Plan and providing for the reversion to APHA. The defendants below, APHA and certain management officials, moved for summary judgment on all issues. Plaintiffs opposed defendant's motions and concurrently moved to amend their complaint in order to add four new claims, including one under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961 et seq. (1982). The district court granted the defendant's motion for summary judgment and denied plaintiffs leave to amend.
 
 
 6
 We concur in the district court's disposition of appellees' summary judgment motion, substantially for the reasons expressed by Judge Hogan in his thorough and thoughtful opinion. We also find that the district court did not abuse its discretion in denying appellants' leave to amend their complaint. While we agree with appellants that the district court's discussion of RICO's "pattern" requirement, Memorandum Opinion at 17-19, is not in accord with this court's recent exposition of the law in Yellow Bus Lines, Inc. v. Drivers, Chauffeurs and Helpers Local Union, No. 86-5135, slip op. at 11 (D.C.Cir. Feb. 12, 1988), the district court explicitly found that, merits aside, granting leave to amend would result in undue prejudice and delay. Memorandum Opinion at 19. The court's decision on this matter is amply supported, see id., and we find no abuse of discretion.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 291(a) (1982)